UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY S. RISTER, :
        Plaintiff, :
    v. : No. 14-cv-5079
         :
YADKIN BANK, :
        Defendant. :

**MEMORANDUM OPINION**

**Plaintiff's Motion for Reconsideration, ECF No. 51 – Denied**
**Defendant's Motion to Dismiss, ECF No. 46 - Granted**
**Plaintiff's Petition for Injunctive Relief, ECF No. 62 – Denied**
**Plaintiff's Motion for Joinder, ECF No. 63 – Denied**
**Plaintiff's Petition for Writ of Mandamus, ECF No. 64 - Denied**

Joseph F. Leeson, Jr.                                                                       August 29, 2016
**United States District Judge**

## I.     Introduction

This case arises out of a United States Small Business Administration ("SBA") loan that Defendant Yadkin Bank ("the Bank") made in 2011 to a corporate borrower, Mystique Makeover, LLC, a salon in Charlotte, North Carolina, operated by Maria L. Rex. In July 2011, Plaintiff Timothy Rister and Ms. Rex signed a Commitment Letter with the Bank, acknowledging that they each intended to be guarantors on the loan for a maximum principal amount of $100,000. In September 2011, Rister signed an SBA Unconditional Guarantee (SBA Form 148) with respect to the loan, agreeing unconditionally to pay the lender all amounts owed under the loan. In 2014, Ms. Rex ceased her business operations due to disability, the corporate borrower defaulted on the loan, and Ms. Rex filed for bankruptcy. Following the borrower's default, the Bank's North Carolina counsel, Ellis & Winters LLP, sent a demand letter to Rister

1

dated May 2, 2014, informing him that as a result of the default, the principal balance, all accrued but unpaid interest, and all other amounts owing under the loan were immediately due and payable in full. In September 2014, Rister commenced the present action, filing a Complaint against the Bank containing seventeen counts, following which the Bank filed a Motion to Dismiss the Complaint in its entirety.

The Court's previous Memorandum and Order, filed on September 22, 2015, ECF Nos. 38, 39, granted the Bank's Motion and dismissed Rister's claims with prejudice, with the exception of the claim asserted in Count Four of the Complaint, which asserted claims of "negligence/mistake/deception/bad faith" concerning a "commitment fee." The Court dismissed this claim without prejudice, permitting Rister leave to amend his Complaint with respect to that claim. In October 2015, Rister filed an Amended Complaint, ECF No. 41, in response to which the Bank again filed a Motion to Dismiss. On November 18, 2015, Rister filed a Motion for Reconsideration of the Court's previous Memorandum and Order. Then, in June 2016, Rister filed a Petition for Injunctive Relief, a Motion for Joinder, and a Petition for a Writ of Mandamus. For the reasons set forth below, the Bank's Motion to Dismiss is granted, the Amended Complaint is dismissed with prejudice, and Rister's petitions and motions are denied.

## II. Plaintiff's Motion for Reconsideration is denied.

Rister contends that the Court should reconsider its previous Memorandum and Order dismissing with prejudice Counts One through Three and Five through Seventeen of his initial Complaint. In particular, Rister contends that the Court erred when it failed to consider new allegations asserted in his briefing but not included in his initial Complaint. Rister also argues that persuasive authority from the Court of Appeals for the Fifth Circuit establishes the principle that a court should always permit a pro se, mentally disabled plaintiff the opportunity to amend

2

his claims. *See* Pl.'s Mot. Reconsideration 7, ECF No. 51 (citing *Amanduron v. Am. Airlines*, 416 F. App'x 421, 422 (5th Cir. 2011)).

As the Bank points out, Rister's Motion for Reconsideration was filed nearly two months after the Court's decision, rendering it untimely under Local Rule 7.1(g), which provides that "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)."[1] The Court therefore denies the Motion as untimely. *See Oldcastle Precast, Inc. v. VPMC, Ltd.*, No. 12–6270, 2013 WL 3865112, at *2 (E.D. Pa. July 26, 2013) (denying a motion for reconsideration that was not filed within fourteen days after the entry of the challenged order).

Even if Rister's Motion were timely, the Motion has not met the grounds for reconsideration. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence," which means that a proper motion for reconsideration must rely on at least one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Rister's Motion has failed to establish any of these grounds.

First, with respect to Rister's contention that the Court should have considered new allegations raised in his briefing, although "[s]ome circuits allow a court, especially in the pro se

---

[1] The order for which Rister seeks reconsideration dismissed some, but not all, of his claims, and it is therefore interlocutory in nature. *See Bridges v. Colvin*, 136 F. Supp. 3d 620, 628 (E.D. Pa. 2015). For this reason, Rister's Motion does not arise under Federal Rule of Procedure 59(e), but rather arises under the Court's "'inherent power over interlocutory orders,' which permits the Court to 'reconsider them when it is consonant with justice to do so.'" *See id.* at 628-29 (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). The applicable time limitation for such a motion is that provided in Local Rule 7.1(g). In any event, Rister's Motion is untimely under both the fourteen-day period set forth in Local Rule 7.1(g) and the longer twenty-eight day period under Federal Rule 59(e).

context, to look to facts alleged in the plaintiff's response to resolve the motion to dismiss. . . . district courts in this circuit have repeatedly declined to look beyond the complaint's allegations in this manner." *Dade v. Gaudenzia DRC, Inc.*, No. CIV.A. 13-1381, 2013 WL 3380592, at *2 n.1 (E.D. Pa. July 8, 2013). Accordingly, the Court's failure to consider any additional allegations raised in Rister's briefing did not constitute a clear error of law or manifest injustice.

Second, with respect to Rister's contention that the Court should have permitted him to amend all of his claims, the Court of Appeals for the Third Circuit has held that "a district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile." *See Hill v. Rozum*, 447 F. App'x 289, 290 (3d Cir. 2011) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Here, consistent with this principle, the Court determined that amendment of Rister's claims asserted in Counts One through Three and Five through Seventeen of his Complaint would be futile, and accordingly declined to grant Rister leave to amend those claims.

### III. Defendant's Motion to Dismiss is granted.

In Count IV of the initial Complaint, Rister alleged claims of "Negligence/Mistake/ Deception/Bad Faith," asserting that the Bank "did not define nor label nor give a stated amount to any 'commitment fee' or commitment fee amount under [¶ 9] in the Commitment Letter," and that the Bank "deceptively and in bad faith, negligently, wrongfully, carelessly, and recklessly failed to define or give an amount as to what any commitment fee was and what any commitment fee expense was in the said commitment letter." Compl. ¶¶ 95-96. Rister alleged that he was harmed by this conduct, and he demanded damages in the amount of one million dollars. *See id.* In reviewing Rister's Complaint, the Court found that it was unable to determine

4

what the phrase "commitment fee" referred to, and the Court granted Rister leave to amend his Complaint solely with respect to the claims raised in Count Four.

The Amended Complaint includes a single count titled "Any Guarantee or Commitment Letter is not Enforceable or is Voidable/Mistake/No Meeting of the Minds." Under this count, Rister alleges that the Commitment Letter failed to sufficiently define the "packaging fee" and "SBA fee" identified in paragraph 9 of the letter. Am. Compl. ¶¶ 1-6.[2] He alleges that the terms "packaging fee" and "SBA fee" are "ambiguous and vague," and that the Commitment Letter failed to provide a "detailed breakout as to what these fees were." Am. Compl. ¶ 4. He also alleges that, by virtue of the Commitment Letter and the Unconditional Guarantee, the Bank "owed a duty of good faith and fair dealing" to him, "created a confidential relationship" with him, Am. Compl. ¶¶ 22-23, and had "a fiduciary duty to disclose details of [the] 'packaging fee' and 'SBA Fee'" to him because he and the Bank "were in a commitment letter contract and a 'contract of guaranty,'" Am. Compl. ¶ 53. In addition, Rister alleges that the Bank's failure to sufficiently define the SBA and packaging fees caused a "unilateral mistake" on his part, such that "any contract is unenforceable or voidable by the plaintiff." Am. Compl. ¶ 13.

The Bank contends that Rister has failed to allege any facts giving rise to a fiduciary duty on its part toward Rister, or any facts to support his claim that the Bank breached a duty of good faith and fair dealing. Moreover, the Bank contends that it directly disclosed in the Commitment Letter the packaging fee and the SBA fee, with the dollar amounts specified, in paragraph 9 of the Letter, which reads as follows: "<u>Fees</u>: Packaging Fee: $2,500. SBA Fee $1,700." *See* Def.'s Br. Supp. Mot. Dismiss, Ex. A, ¶ 9. The Bank also contends that there is nothing suspect about the presence of these fees in the Commitment Letter, as both types of fees are permitted under

---

[2]  With respect to his use of the phrase "commitment fee," Rister states that he uses this phrase to refer collectively to the SBA fee and packaging fee.

5

SBA regulations. *See* 13 C.F.R. § 120.221 (providing that the lender "may charge an applicant reasonable fees for packaging and other services. . . .The applicant is responsible for deciding whether fees are reasonable."); 13 C.F.R. § 120.220 ("A Lender must pay a guaranty fee to SBA for each loan it makes. . . . The Lender may charge the Borrower for the fee when the loan is approved by SBA."). With respect to Rister's claim that he made a "unilateral mistake" concerning the packaging and SBA fees, the Bank contends Rister has failed to allege a plausible basis where the Bank could be at fault for Rister's unilaterally mistaken belief concerning the fees, and that, regardless, Rister has not "explained what he believed those fees to be instead of what they were, or how he was damaged as the Guarantor by knowing about the fees and their exact amounts, but allegedly not the details behind the fees." Def.'s Br. Supp. Mot. 11, ECF No. 46-1.

In its previous Memorandum, the Court observed that the Small Business Act requires that SBA loans "shall be of such sound value or so secured as reasonably to assure repayment," 15 U.S.C. § 636(a)(7), and that a common method that the SBA uses to ensure compliance with that requirement is to have personal guarantors execute guaranty agreements. The Court also observed that the SBA typically uses unconditional guarantees, such as the one at issue in this case, in which the guarantor unconditionally guarantees payment to the lender and waives a series of rights, notices, and defenses. Finally, the Court observed that courts have refused to find a general duty of care between lenders and guarantors and that, in the particular context of SBA loans, courts have found that SBA loan documents do not give rise to a duty of care on behalf of the lender to the guarantor.[3]

---

[3] The Court's previous Memorandum included the applicable standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and that standard is applied here.

As in the initial Complaint, the Amended Complaint has failed to allege facts to support Rister's claim that the Bank owed him any duty of care, much less one that would include an obligation to provide a "detailed breakout" of the packaging and SBA fees. *See Berry v. First Nat. Bank of Mercer Cty.*, 892 F. Supp. 127, 128 (W.D. Pa. 1994) ("Courts have refused to find a general duty of care between a lender and a guarantor."). Likewise, Rister's allegations that the Bank failed to provide a detailed breakout of the fees do not state a claim for breach of the covenant of good faith and fair dealing, which occurs when "a party unreasonably exercises discretion authorized in a contract." *See Bedrock Stone & Stuff, Inc. v. Manufacturers & Traders Trust Co.*, No. CIV.A. 04-CV-02101, 2005 WL 1279148, at *8 (E.D. Pa. May 25, 2005).

With respect to Rister's claim of unilateral mistake, one of the "basic elements required for a court to find a unilateral mistake" is that the mistake "must be to a 'basic assumption' or the essence of the contract." *See Retail Brand All., Inc. v. Rockvale Outlet Ctr., LP*, No. CIV.A. 06-01857, 2007 WL 403885, at *7 (E.D. Pa. Jan. 31, 2007) (quoting *Vrabel v. Scholler*, 369 Pa. 235, 85 A.2d 858, 860 (Pa. 1952)). The Amended Complaint does not plausibly allege that Rister made a mistake as to a basic assumption of an agreement. Indeed, as the Bank points out, the nature of Rister's alleged mistake is unclear from the Amended Complaint. Moreover, the fees listed in paragraph 9 are only a small fraction of the amount of the loan, and so it is difficult to imagine how any mistake concerning those fees could be basic to the transaction. The second element of a unilateral mistake is that "the party alleging the mistake must not bear the risk of the mistake by being aware, at the time the contract is made, that the party has 'limited knowledge' of the facts to which the mistake relates and treating this limited knowledge as sufficient." *Retail Brand All., Inc.*, 2007 WL 403885, at *7 (quoting Restatement (Second) of Contracts § 154(b) (1981)). The allegations in the Amended Complaint fail to meet this element because Rister was

7

or should have been aware at the time he signed the Commitment Letter that the Letter did not include a "detailed breakout" of the fees. Finally, even if Rister could establish the elements of a unilateral mistake, "courts do not grant relief when the mistake is unilateral, instead of mutual, and is not due to the fault of the other party." *See id.* at *6. Rister has not plausibly alleged that he made a unilateral mistake due to the fault of the Bank.

In sum, the allegations in Rister's Amended Complaint fail to state a claim upon which relief may be granted. Because further amendment would be futile, the Amended Complaint is dismissed with prejudice.[4]

## IV.    Plaintiff's Petition for Injunctive Relief, Motion for Joinder, and Petition for Mandamus are denied.

In May and June 2016, while Rister's Motion for Reconsideration and the Bank's Motion to Dismiss were pending, Rister filed with the Court a series of documents concerning events alleged to have occurred between December 2015 and May 2016. Specifically, on May 31, 2016, Rister filed a letter with the Court alleging that in December 2015 he submitted to the Bank's attorney a revised Offer in Compromise with respect to the loan.[5] Pl.'s Letter, ECF No. 59. According to Rister, the Bank's attorney had represented to Rister that he would in turn submit the Offer in Compromise to the SBA for its consideration, but the attorney failed to do so. Rister

---

[4] The Amended Complaint also asserts that the Commitment Letter and Unconditional Guarantee are unenforceable because of Rister's mental incapacity, which "prevented [him] from understanding the nature and consequences of the transaction." Am. Compl. ¶¶ 11. These allegations bear no relation to Rister's claims concerning the "commitment fee" and are well beyond the scope of the allowed amendment. They are therefore stricken. *See U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007) (striking claims beyond the scope of an allowed amendment because to do otherwise "would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint").
 The Amended Complaint also includes allegations concerning a "$36,000 credit" that Rister believes should have been applied to the loan. These allegations, which the Court considered and dismissed in its previous Memorandum and Order, are also well beyond the scope of the allowed amendment and are therefore stricken.

[5] An offer in compromise is "an offer made by an Obligor to pay less than what is owed in full settlement of the Obligor's obligation on their SBA loan. Submitting the offer does not ensure that it will be accepted. Rather, it begins a process of evaluation and verification by the Lender and SBA." SBA Standard Operating Procedure 50 57 ¶ 20 (March 1, 2013).

subsequently received a letter from the SBA dated May 8, 2016, in which the SBA stated that it was now servicing Rister's debt. *See id.*, Ex. 4.

On June 10, 2016, Rister filed a "Petition for Injunctive Relief," based on the allegations presented in his May 31 letter. Rister's Petition seeks to have the Court "stay or order the SBA to cease and desist [from] all further action of levy and collection." Pl.'s Pet. Injunctive Relief 7. In connection with this Petition, Rister has also filed a Motion for Joinder, seeking to join the SBA and Natalia Olson-Urtecho, Region III Administrator for the SBA, as defendants in this matter. Finally, Rister has filed a "Petition for Writ of Mandamus," seeking a "release and discharge" from the SBA.

Because the Court has dismissed with prejudice the only remaining claim against the Bank in Rister's Amended Complaint, there is nothing pending before the Court, and Rister's motion and petitions concerning the events alleged to have transpired between December 2015 and June 2016 are denied as moot.

## V.    Conclusion

For the reasons stated above, the Bank's Motion to Dismiss is granted, the Amended Complaint is dismissed with prejudice, and Rister's petitions and motions are denied. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

9